IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| DEANNE AND THOMAS CARR,<br><br>    Plaintiffs,<br><br>        v.<br><br>MICHAEL AND DIANA MULROY, JR.,<br><br>        Defendants/Third-<br>    Party Plaintiffs,<br><br>        v.<br><br>MICHAEL AND BARBARA MULROY, SR.<br><br>        Third-Party Defendants. | Civil No. 03-3418-JHR-AMD<br><br><br><br><br><br><br><br><br><br><br><br>**OPINION** |

**APPEARANCES:**

Robert O. Baldi, Esq.
Baldi & Jenei, P.C.
123 West Bridge Street
New Hope, PA 18938
     *Counsel for Plaintiffs*

Mark E. Margiotta, Esq.
Pollock, Montgomery & Chapin, P.C.
2460 Lamington Road
P.O. Box 1013
Bedminster, NJ 07921
     *Counsel for Defendants/Third-Party Plaintiffs*

J. Silvio Mascolo, Esq.
Hoagland, Longo, Moran, Dunst & Doukas, L.L.P.
40 Patterson Street
P.O. Box 480
New Brunswick, NJ 08903
     *Counsel for Third-Party Defendants*

**DONIO, MAGISTRATE JUDGE:**

This matter comes before the Court upon the motion of Third-

Party Defendants, Michael and Barbara Mulroy, Sr., pursuant to

Fed.R.Civ.P. 50.   This diversity action involved a claim by Plaintiffs, DeAnne and Thomas Carr, against Defendants, Michael and Diana Mulroy, Jr., in connection with injuries sustained by Plaintiff DeAnne Carr after being bitten on February 16, 2002 by a dog owned by Defendants.  Defendants filed a third-party complaint against Defendant Michael Mulroy, Jr.'s parents, Michael and Barbara Mulroy, Sr., at whose house the incident occurred.  Specifically, Defendants/Third-Party Plaintiffs asserted that the Third-Party Defendants were negligent with respect to the care and management of the dog.  Michael and Diana Mulroy, Jr. sought contribution from Michael and Barbara Mulroy, Sr. for any injury to Plaintiffs from the dog bite.

Plaintiffs DeAnne and Thomas Carr were granted summary judgment by Order of the District Court dated June 13, 2005.  Subsequently, the parties consented to jurisdiction by the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.  A jury trial commenced on July 25, 2005 with respect to the remaining damage issue in the first-party action and with respect to the third-party action.  On July 26, 2005, following the close of Defendants/Third-Party Plaintiffs' case, Third-Party Defendants moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50. The Court heard argument on July 26, 2005 and issued its bench opinion on the same day granting Third-Party Defendants' motion. This written Order and Opinion supplement the Court's prior ruling.

Fed.R.Civ.P. 50 provides in pertinent part that

> If during a trial by jury a party has been
> fully heard on an issue and there is no legally

> sufficient evidentiary basis for a reasonable
> jury to find for that party on that issue, the
> court may determine the issue against that
> party and may grant a motion for judgment as a
> matter of law against that party with respect
> to a claim or defense that cannot under the
> controlling law be maintained or defeated
> without a favorable finding on that issue.

Fed.R.Civ.P. 50(a)(1).   In deciding a motion for judgment as a

matter of law, the Court

> do[es] not follow the rule that a scintilla of
> evidence is enough.   The question is not
> whether there is literally no evidence
> supporting the party against whom the motion is
> directed but whether there is evidence upon
> which the jury could properly find a verdict
> for that party. . . .

Walter v. Holiday Inns, Inc., 784 F. Supp. 1159, 1164-65 (D.N.J.

1992)(internal citations omitted), aff'd, 985 F.2d 1232 (3d Cir.

1993).   The Third Circuit has noted that

> [t]hese motions require the judge 'to test the
> body of evidence not for its insufficiency to
> support a finding, but rather for its
> overwhelming effect.   [The judge] must be able
> to say not only that there is sufficient
> evidence to support the finding, even though
> other evidence could support as well a contrary
> finding, but additionally that there is
> insufficient evidence for permitting any
> different finding.

Id. (quoting Massarsky v. General Motors Corp., 706 F.2d 111, 119

(3d Cir.), cert. denied, 464 U.S. 937, 204 S. Ct. 348, 78 L. Ed. 2d

314 (1983)).

     At trial, Plaintiffs and Third-Party Defendant Michael Mulroy,

Sr. testified in Plaintiffs' case-in-chief.[1]   Third-Party Plaintiffs

---

1.   Plaintiffs also called a plastic surgeon as an expert with
respect to Plaintiff DeAnne Carr's injuries.

called in their case-in-chief Third-Party Defendants Michael and Barbara Mulroy, Sr.  Third-Party Plaintiffs did not testify.  The testimony was uncontroverted that the incident occurred when Plaintiffs were dinner guests at the Third-Party Defendants summer home in Wildwood Crest, New Jersey, during the early evening on February 16, 2002.  Plaintiff DeAnne Carr testified that after dinner she went to pet the dog and that the dog bit her.  The bite was in her lip area and Plaintiff received ten stitches.  She subsequently had two other office surgeries to attempt to improve her injury.

The testimony further was uncontroverted that Third-Party Defendants were caring for their son and daughter-in-law's dog[2] while the Third-Party Plaintiffs were away.  During trial, Third-Party Defendants also testified that they were aware of an incident in which the dog previously nipped at Third-Party Plaintiff Diana Mulroy's father approximately one month earlier. Specifically, Third-Party Defendant Michael Mulroy, Sr. testified that the incident occurred when Diana Mulroy's father was attempting to remove burrs from the dog's face and was pulling or tugging at the dog's jowl.  Moreover, the evidence was uncontroverted that Plaintiffs were not told of the prior incident.

In support of their Rule 50 motion, Third-Party Defendants argued that the testimony at trial was uncontroverted that at the time of the incident and during the two hours prior to the dinner,

---

2.  Mr. Mulroy, Sr. also testified the dog was about forty pounds. No witness testified as to the specific breed of the dog.

the dog did not growl, bare its teeth, jump on anyone, or bark, and that it had been adequately fed, had water, had been walked at least two times, and had food available to it.   Third-Party Defendants thus argued that Third-Party Plaintiffs could not show that the dog was dangerous and therefore Third-Party Defendants could not be liable at common law, citing a number of cases in support of their motion.   See DeRobertis v. Randazzo, 94 N.J. 144, 462 A.2d 1260 (1983)("[a]n abnormally dangerous domestic animal is like an artificial [dangerous] condition on the property"); Linebaugh v. Hyndman, 213 N.J. Super. 117, 516 A.2d 638 (App. Div. 1986)(landlord's obligation to maintain premises in a reasonably safe condition includes landlord's duty "to take reasonable measures to protect . . . invitees from harm which vicious dog is capable of inflicting. To permit a landlord . . . to sit idly by in the face of the known danger to others would be socially and legally unacceptable."), cert. granted, 107 N.J. 76, 526 A.2d 157 (1987), aff'd, 106 N.J. 556, 524 A.2d 1255 (1987); Mascola v. Mascola, 168 N.J. Super. 122, 401 A.2d 1114 (App. Div. 1979)(owner of vicious dog and not temporary keeper may be strictly liable under dog bite statute, but keeper may be liable at common law if he has knowledge of dog's vicious disposition).  In response, during argument, Third-Party Plaintiffs asserted that their third-party complaint was based on negligence under social host law and argued that the Rule 50 motion should be denied, asserting that there was sufficient evidence that the dog was a dangerous condition of which the Third-Party Defendants had knowledge.   Specifically, Third-Party

5

Plaintiffs argued that evidence about the prior incident, when coupled with the Third-Party Defendants' testimony (1) that they knew the dog was obtained from a pound; (2) that they did not inquire as to the dog's history even though only owned by Third-Party Plaintiffs for less than one year; (3) that they did not communicate the prior incident to Plaintiffs; and (4) that they permitted the dog to be unrestrained during the evening visit despite there being guests and another dog,[3] constituted sufficient evidence to submit the third-party negligence claim to the jury.

Under New Jersey law, the duty owed by a host to a social guest is the duty to "warn 'of dangerous conditions of which [the host] had actual knowledge and of which the guest is unaware.'" Endre v. Arnold, 300 N.J. Super. 136, 142, 692 A.2d 97, 100 (App. Div. 1997)(internal citations omitted). Thus, here, the third parties may only be held liable at common law if they had knowledge of the dangerous condition, that is, of the vicious propensity of the dog. In the context of determining whether a dog had such vicious propensity, at least one court has noted that "[o]ccasionally decisions appear to pay lip service to the trite phrase that every dog is entitled to one bite" and that "after one bite his owner or keeper is liable for any additional ones," but "[t]his is not the law, and is not supported by the decisions." Maxwell v. Fraze, 344 S.W.2d 262, 264 (Mo. Ct. App. 1961)(cited in 13 Am. Jur. Proof of Facts 2d § 473). While under the New Jersey dog bite statute, N.J.

---

3.  The testimony was uncontroverted that the Third-Party Defendants' daughter, son-in-law and grandchild, as well as their dog, also were in the Mulroy, Sr. house for the dinner.

Stat. Ann. § 4:19-16, an owner is generally strictly liable for any injury resulting from a dog bite regardless of the viciousness of the dog, as to non-owners, or in this case as to the Third-Party Defendants, the issue is whether the dog's disposition constituted a dangerous condition.  As the Maxwell Court stated "[i]t is not necessary for the dog to have bitten someone before if the dog has demonstrated a vicious propensity for biting.  The controlling element is not whether it is a first bite but whether the dog has a vicious propensity for biting known to its keeper." Id. at 264-65. Moreover, "the bare fact of a prior bite do[e]s not of itself establish the vicious propensity. The circumstances surrounding the occasion of the biting and its extent demonstrate whether the incident of the prior bite is sufficient evidence or some evidence of a vicious propensity of the dog to inflict injury."  Id. Although the Maxwell case was in the context of owner liability which as set forth above is a strict liability standard in New Jersey, the reasoning is instructive for the liability Third-Party Plaintiffs seek to impose here.  Under Rule 50, then, the Court needs to examine the evidence in the record to determine whether there is no legally sufficient evidentiary basis for a reasonable jury to find that Third-Party Defendants had knowledge of a dangerous condition.

The Court finds, as set forth on the record, that the circumstances surrounding the previous incident in which the dog nipped at Third-Party Plaintiff Diana Mulroy's father's hand is not sufficient to support a finding by a reasonable jury that the dog

had a dangerous propensity. The testimony was uncontroverted that

the first nip -- even if characterized as a bite -- occurred when

the dog had burrs on its face after having run through a field.  As

noted above, Mr. Mulroy, Sr. testified that Diana Mulroy's father

attempted to remove the burrs from the dog's jowls and continued to

pull at the burrs even when warned to stop.  The testimony further

demonstrated that the dog nipped at Diana Mulroy's father's hand as

he was pulling the burrs off the dog's jowls and pulling at the

dog's face.  In light of these circumstances, and in light of the

fact that there is no other evidence in the record of any dangerous

or vicious conduct, the Court finds that the evidence at trial was

insufficient to support any finding other than that Third-Party

Defendants did not have notice that the dog had a vicious propensity

or constituted a dangerous condition.  The Court also finds that

even with all reasonable inferences drawn in favor of Third-Party

Plaintiffs, there is no legally sufficient evidentiary basis in the

record for a reasonable jury to conclude that circumstances existed

that would provide Third-Party Defendants with knowledge of a

dangerous condition or that the dog fell within the confines of a

dangerous condition under New Jersey law. There was no evidence that

the dog had been growling or showing any dangerous propensity.  In

fact, Plaintiff DeAnne Carr testified that she had petted the dog

the day of the incident that gave rise to this litigation and that

the dog never gave any indication that it would bite.  Plaintiff

further testified that there was another dog in the house where the

incident occurred and it was uncontroverted that both dogs walked

unrestrained in the condominium without problems.  The only evidence of the alleged dangerous propensity of the dog was the prior incident, and as noted supra the Court finds that due to the circumstances and extent of the prior incident, such incident provides no more than at most a scintilla of evidence of the dog's dangerous propensity.  Similarly, evidence that Third-Party Defendants knew that the dog was obtained from a pound prior to the date of the dog bite provides no evidence that the dog was dangerous and any inferences drawn from such facts would be guess or speculation as to the nature of the dog.  In addition, the fact that Third-Party Defendants did not inquire from prior owners as to the dog's history, or that they did not require before taking care of the dog that the dog owners, their son and daughter-in-law, obtain such history, is not evidence that the dog had a propensity for biting.  The Court finds that even with all reasonable inferences in favor of Third-Party Plaintiffs, no reasonable jury could conclude based on the evidence that the dog constituted a dangerous condition of which Third-Party Defendants had knowledge.  Therefore, judgment as a matter of law shall be granted.

An appropriate Order will be entered.


Dated: July 29, 2005            s/ Ann Marie Donio
                                ANN MARIE DONIO
                                UNITED STATES MAGISTRATE JUDGE


cc: Hon. Joseph H. Rodriguez


9